JANE C. RICE *vs.* ALONZO C. CHAPIN.

In a prosecution under the Rev. Sts. *c.* 49, for the maintenance of a bastard child, the complainant must file a complaint in the court of common pleas, stating therein all the facts necessary to sustain the prosecution.

THE complainant, on the 11th of January 1844, made oath to the following accusation : " The voluntary examination of Jane C. Rice, of Springfield, in the county of Hampden, single woman, taken before me, Josiah Hooker, one of the justices of the peace in and for said county, who saith that she has given birth to a child, which child is still living, and was born a bastard, and accuses Alonzo C. Chapin, of said Springfield, in said county, of being the father of said child," (stating the time and place when and where said child was begotten.) " The said Jane C. Rice therefore prays that he, the said Alonzo C. Chapin, may be apprehended and held to answer to this accusation, and further dealt with thereon according to law.                    Jane C. Rice."

The said justice issued a warrant against the said Chapin, who was arrested thereon and brought before him, on the 12th of January 1844, and was " required to give bond, with sufficient sureties, in the sum of $400, to appear and answer to said accusation, at the next court of common pleas, to be held at said Springfield, on the 3d Monday of February 1844, and abide the order or orders of said court thereon."

A copy of the said examination and accusation, and of said order to give bond, were transmitted by the justice to the court of common pleas; and upon these papers alone, the complainant's counsel proposed to proceed to a trial by jury, and to give said examination in evidence. The respondent's counsel objected, that there was no complaint in the case. But the court held that the examination before the justice was a sufficient complaint, within the Rev. Sts. *c.* 49, and ordered the respondent to plead thereto or be defaulted. To this decision the respondent alleged exceptions.

*R. A. Chapman,* for the respondent, cited *Drowne* v. *Stimpson,* 2 Mass. 443 ; and *Foster* v. *Beaty,* 1 Greenl. 304.

1 *

. *H. Morris*, for the complainant, cited *R. R.* v. *J. M* 3 N. Hamp. 135; *Woodward* v. *Shaw*, 6 Shepley, 304; and *Fisher* v. *Shattuck*, 17 Pick. 254.

DEWEY, J.   The question in this case is not, whether the complaint made before the justice of the peace was not sufficient to authorize him to take jurisdiction, so far as to cause the respondent to be arrested and required to give bond for his appearance at the court of common pleas, but whether the complaint contained allegations proper and sufficient to put the party on his trial in that court.   In the complaint, upon which the party is thus to be tried, it should be averred, not only that the complainant had been delivered of a bastard child, of which she alleges the respondent to be the father, but also that she had accused him, in the time of her travail, of being the father of the child of which she was about to be delivered, and that she had continued constant in such accusation.   In practice, the more usual course in conducting these cases has been, to file a new and more formal complaint in the court of common pleas, reciting the proceedings before the justice, and alleging all the facts essential to sustain a prosecution against the party, as the father of a bastard child. Such complaint must allege, particularly, that the complainant, in the time of her travail, accused the defendant of being the father of the child.   No prosecution can be supported without proof of this fact ; and it ought to be distinctly alleged.   *Stiles* v. *Eastman*, 21 Pick. 132.   The necessity of such complaint seems to be distinctly recognized in the opinion of the court in the case of *Drowne* v. *Stimpson*, 2 Mass. 443.   We understand that some diversity of practice has prevailed on this point, in different parts of the Commonwealth ; but we think an adherence to the forms we have suggested is important, and that when the objection is seasonably taken, as it, was in the present case, it should be sustained.   The case will therefore be remanded to the court of common pleas for further proceedings.   It will be competent for that court to grant leave to the complainant to file a proper complaint, and the case may then proceed to trial.